# EXHIBIT A

Apply appropriate classification level and any control markings (if applicable) when filled in.

## (U) SENSITIVE COMPARTMENTED INFORMATION NONDISCLOSURE AGREEMENT

An Agreement between _____ LAATSCH, NATHAN _____ and the United States.

(Name – Printed or Typed)

1. (U) Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to information or material protected within Special Access Programs, hereinafter referred to in this Agreement as Sensitive Compartmented Information (SCI). I have been advised that SCI involves or derives from intelligence sources or methods and is classified or is in process of a classification determination under the standards of Executive Order 13526 or other Executive order or statute. I understand and accept that by being granted access to SCI, special confidence and trust shall be placed in me by the United States Government.

2. (U) I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of SCI, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information or material have been approved for access to it, and I understand these procedures. I understand that I may be required to sign subsequent agreements upon being granted access to different categories of SCI. I further understand that all my obligations under this agreement continue to exist whether or not I am required to sign such subsequent agreements.

3. (U) I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of SCI by me could cause irreparable injury to the United States or be used to advantage by a foreign nation. I hereby agree that I will never divulge anything marked as SCI or that I know to be SCI to anyone who is not authorized to receive it without prior written authorization from the United States Government department or agency (hereinafter Department or Agency) that last authorized my access to SCI. I understand that it is my responsibility to consult with appropriate management authorities in the Department or Agency that last authorized my access to SCI, whether or not I am still employed by or associated with that Department or Agency or a contractor thereof, in order to ensure that I know whether information or material within my knowledge or control that I have reason to believe might be, or related to or derived from SCI, is considered by such Department or Agency to be SCI. I further understand that I am also obligated by law and regulation not to disclose any classified information or material in an unauthorized fashion.

4. (U) In consideration of being granted access to SCI and of being assigned or retained in a position of special confidence and trust requiring access to SCI, I hereby agree to submit for security review by the Department or Agency that last authorized my access to such information or material, any writing or other preparation in any form, including a work of fiction, that contains or purports to contain any SCI or description of activities that produce or relate to SCI or that I have reason to believe are derived from SCI, that I contemplate disclosing to any person not authorized to have access to SCI or that I have prepared for public disclosure. I understand and agree that my obligation to submit such preparations for review applies during the course of my access to SCI and thereafter, and I agree to make any required submissions prior to discussing the preparation with, or showing it to, anyone who is not authorized to have access to SCI. I further agree that I will not disclose the contents of such preparation with, or show it to, anyone who is not authorized to have access to SCI until I have received written authorization from the Department or Agency that last authorized my access to SCI that such disclosure is permitted.

5. (U) I understand that the purpose of the review described in paragraph 4 is to give the United States a reasonable opportunity to determine whether the preparation submitted pursuant to paragraph 4 sets forth any SCI. I further understand that the Department or Agency to which I have made a submission will act upon it, coordinating within the Intelligence Community when appropriate, and make a response to me within a reasonable time, not to exceed 30 working days from date of receipt.

6. (U) I have been advised that any breach of this Agreement may result in my termination of my access to SCI and removal from a position of special confidence and trust requiring such access, as well as the termination of my employment or other relationships with any Department or Agency that provides me with access to SCI. In addition, I have been advised that any unauthorized disclosure of SCI by me may constitute violations of United States criminal laws, including provisions of Sections 793, 794, 798, and 952, Title 18, United States Code, and of Section 783(b), Title 50, United States Code. Nothing in this agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

7. (U) I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement. I have been advised that the action can be brought against me in any of the several appropriate United States District Courts where the United States Government may elect to file the action. Court costs and reasonable attorney's fees incurred by the United States Government may be assessed against me if I lose such action.

8. (U) I understand that all information to which I may obtain access by signing this Agreement is now and will remain the property of the United States Government unless and until otherwise determined by an appropriate official or final ruling of a court of law. Subject to such determination, I do not now, nor will I ever, possess any right, interest, title, or claim whatsoever to such information. I agree that I shall return all materials that may have come into my possession or for which I am responsible because of such access, upon demand by an authorized representative of the United States Government or upon the conclusion of my employment or other relationship with the United States Government entity providing me access to such materials. If I do not return such materials upon request, I understand that this may be a violation of Section 793, Title 18, United States Code.

9. (U) Unless and until I am released in writing by an authorized representative of the Department or Agency that last provided me with access to SCI, I understand that all conditions and obligations imposed on me by this Agreement apply during the time I am granted access to SCI, and at all times thereafter.

10. (U) Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect. This Agreement concerns SCI and does not set forth such other

**FORM 4414** (Rev. 12-2013)

Page 1 of 2

CL: _____
DECL ON: _____
DRV FROM: _____

Apply appropriate classification level and any control markings (if applicable) when filled in.

conditions and obligations not related to SCI as may now or hereafter pertain to my employment by or assignment or relationship with the Department or Agency.

11. (U) I have read this Agreement carefully and my questions, if any, have been answered to my satisfaction. I acknowledge that the briefing officer has made available Sections 793, 794, 798 and 952 of Title 18, United States Code, and Section 783(b) of Title 50, United States Code, and Executive Order 13526, as amended, so that I may read them at this time, if I so choose.

12. (U) I hereby assign to the United States Government all rights, title and interest, and all royalties, remunerations, and emoluments that have resulted, will result, or may result from any disclosure, publication, or revelation not consistent with the terms of this Agreement.

13. (U) These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive orders and statutory provisions are incorporated into this agreement and are controlling.

14. (U) These restrictions are consistent with and do not supersede conflict with or otherwise alter the employee obligations rights or liabilities created by Executive Order13526; or any successor thereto, Section 7211 of Title 5, United States Code (governing disclosures to Congress); Section 1034 of Title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosures to Congress by members of the Military); Section 2302(b)(8) of Title 5, United States Code, as amended by the Whistleblower Protection Act (governing disclosure of illegality, waste, fraud, abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C. 421 et seq.) (governing disclosures that could expose confidential Government agents), sections 7(c) and 8H of the Inspector General Act of 1978 (5 U.S.C. App.) (relating to disclosures to an inspector general, the inspectors general of the Intelligence Community; and Congress); section 103H(g)(3) of the National Security Act of 1947 (50 U.S.C. 403–3h(g)(3) (relating to disclosures to the inspector general of the Intelligence Community); sections 17(d)(5) and 17(e)(3) of the CIA Act of 1949 (50 U.S.C. 403q(d)(5) and 403q(e)(3)) (relating to disclosures to the Inspector General of the Central Intelligence Agency and Congress): and the statutes which protect agent disclosure which may compromise the national security, including Section 641, 793, 794, 798, and 952 of Title 18, United States Code, and Section 4(b) of the Subversive Activities Control Act of 1950 (50 U.S.C. Section 783(b)). The definitions, requirements, obligations, rights, sanctions and liabilities created by said Executive Order and listed statutes are incorporated into this Agreement and are controlling.

15. (U) This Agreement shall be interpreted under and in conformance with the law of the United States.

16. (U) I make this Agreement without any mental reservation or purpose of evasion.

_____  Signature       2019, 08, 05  Date

The execution of this Agreement was witnessed by the undersigned who accepted it on behalf of the United States Government as a prior condition of access to Sensitive Compartmented Information.

WITNESS and ACCEPTANCE: _____ Signature    2019, 08, 05  Date

**SECURITY BRIEFING / DEBRIEFING ACKNOWLEDGMENT**

//SI//        //TK//        //G//        //HCS-P//

(Special Access Programs by Initials Only)

| SSN (See Notice Below) | LAATSCH, NATHAN Printed or Typed Name | CCMD Organization |

**BRIEF** Date 2019, 08, 05

I hereby acknowledge that I was briefed on the above SCI Special Access Program(s):

_____ Signature of Individual Briefed

**DEBRIEF** Date_____

Having been reminded of my continuing obligation to comply with the terms of this Agreement, I hereby acknowledge that I was debriefed on the above SCI Special Access Program(s):

_____ Signature of Individual Briefed

I certify that the briefing presented by me on the above date was in accordance with relevant SCI procedures.

Signature of Briefing/Debriefing Officer

Printed or Typed Name

SSN (See notice below)

SEC-2C/ DIA SSO
Organization (Name and Address)

(U) NOTICE: The Privacy Act, 5 U.S.C. 522a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Account Number (SSN) is Executive Order 9397 as amended. Your SSN will be used to identify you precisely when it is necessary to 1) certify that you have access to the information indicated above, 2) determine that your access to the information has terminated, or 3) certify that you have witnessed a briefing or debriefing. Although disclosure of your SSN is not mandatory, your failure to do so may impede such certifications or determinations.

**FORM 4414** (Rev. 12-2013)        Page 2 of 2

# EXHIBIT B

## CLASSIFIED INFORMATION NONDISCLOSURE AGREEMENT

**AN AGREEMENT BETWEEN**      LAATSCH, NATHAN  **AND THE UNITED STATES**

*(Name of Individual - Printed or typed)*

1. Intending to be legally bound, I hereby accept the obligations contained in this Agreement in consideration of my being granted access to classified information. As used in this Agreement, classified information is marked or unmarked classified information, including oral communications, that is classified under the standards of Executive Order 13526, or under any other Executive order or statute that prohibits the unauthorized disclosure of information in the interest of national security; and unclassified information that meets the standards for classification and is in the process of a classification determination as provided in sections 1.1, 1.2, 1.3 and 1.4(e) of Executive Order 13526, or under any other Executive order or statute that requires protection for such information in the interest of national security. I understand and accept that by being granted access to classified information, special confidence and trust shall be placed in me by the United States Government.

2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of classified information, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and that I understand these procedures.

3. I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could cause damage or irreparable injury to the United States or could be used to advantage by a foreign nation. I hereby agree that I will never divulge classified information to anyone unless: (a) I have officially verified that the recipient has been properly authorized by the United States Government to receive it; or (b) I have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of information or last granting me a security clearance that such disclosure is permitted. I understand that if I am uncertain about the classification status of information, I am required to confirm from an authorized official that the information is unclassified before I may disclose it, except to a person as provided in (a) or (b), above. I further understand that I am obligated to comply with laws and regulations that prohibit the unauthorized disclosure of classified information.

4. I have been advised that any breach of this Agreement may result in the termination of any security clearances I hold; removal from any position of special confidence and trust requiring such clearances; or termination of my employment or other relationships with the Departments or Agencies that granted my security clearance or clearances. In addition, I have been advised that any unauthorized disclosure of classified information by me may constitute a violation, or violations, of United States criminal laws, including the provisions of sections 641, 793, 794, 798, *952 and 1924, title 18, United States Code; *the provisions of section 783(b), title 50, United States Code; and the provisions of the Intelligence Identities Protection Act of 1982. I recognize that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

5. I hereby assign to the United States Government all royalties, remunerations, and emoluments that have resulted, will result or may result from any disclosure, publication, or revelation of classified information not consistent with the terms of this Agreement.

6. I understand that the United States Government may seek any remedy available to it to enforce this Agreement including, but not limited to, application for a court order prohibiting disclosure of information in breach of this Agreement.

7. I understand that all classified information to which I have access or may obtain access by signing this Agreement is now and will remain the property of, or under the control of the United States Government unless and until otherwise determined by an authorized official or final ruling of a court of law. I agree that I shall return all classified materials which have, or may come into my possession or for which I am responsible because of such access: (a) upon demand by an authorized representative of the United States Government; (b) upon the conclusion of my employment or other relationship with the Department or Agency that last granted me a security clearance or that provided me access to classified information; or (c) upon the conclusion of my employment or other relationship that requires access to classified information. If I do not return such materials upon request, I understand that this may be a violation of sections 793 and/or 1924, title 18, United States Code, a United States criminal law.

8. Unless and until I am released in writing by an authorized representative of the United States Government, I understand that all conditions and obligations imposed upon me by this Agreement apply during the time I am granted access to classified information, and at all times thereafter.

9. Each provision of this Agreement is severable. If a court should find any provision of this Agreement to be unenforceable, all other provisions of this Agreement shall remain in full force and effect.

10. These provisions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by existing statute or Executive order relating to (1) classified information, (2) communications to Congress, (3) the reporting to an Inspector General of a violation of any law, rule, or regulation, or mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety, or (4) any other whistleblower protection. The definitions, requirements, obligations, rights, sanctions, and liabilities created by controlling Executive and statutory provisions are incorporated into this agreement and are controlling.

*(Continue on reverse.)*

NSN 7540-01-280-5499
Previous edition not usable.

STANDARD FORM 312 (Rev. 7-2013)
Prescribed by ODNI
32 CFR PART 2001.80  E.O. 13526

11. These restrictions are consistent with and do not supersede, conflict with, or otherwise alter the employee obligations, rights, or liabilities created by Executive Order No. 13526 (75 Fed. Reg. 707), or any successor thereto section 7211 of title 5, United States Code (governing disclosures to Congress); section 1034 of title 10, United States Code, as amended by the Military Whistleblower Protection Act (governing disclosure to Congress by members of the military); section 2302(b) (8) of title 5, United States Code, as amended by the Whistleblower Protection Act of 1989 (governing disclosures of illegality, waste, fraud , abuse or public health or safety threats); the Intelligence Identities Protection Act of 1982 (50 U.S.C. 421 et seq.) (governing disclosures that could expose confidential Government agents); sections 7(c) and 8H of the Inspector General Act of 1978 (5 U.S.C. App.) (relating to disclosures to an inspector general, the inspectors general of the Intelligence Community, and Congress); section 103H(g)(3) of the National Security Act of 1947 (50 U.S.C. 403-3h(g)(3) (relating to disclosures to the inspector general of the Intelligence Community); sections 17(d)(5) and 17(e)(3) of the Central Intelligence Agency Act of 1949 (50 U.S.C. 403q(d)(5) and 403q(e)(3)) (relating to disclosures to the Inspector General of the Central Intelligence Agency and Congress); and the statutes which protect against disclosure that may compromise the national security, including sections 641, 793, 794, 798, *952 and 1924 of title 18, United States Code, and *section 4 (b) of the Subversive Activities Control Act of 1950 (50 U.S.C. section 783(b)). The definitions, requirements, obligations, rights, sanctions, and liabilities created by said Executive Order and listed statutes are incorporated into this agreement and are controlling.

12. I have read this Agreement carefully and my questions, if any, have been answered. I acknowledge that the briefing officer has made available to me the Executive Order and statutes referenced in this agreement and its implementing regulation (32 CFR Part 2001 , section 2001 .80(d)(2) ) so that I may read them at this time, if I so choose.

* NOT APPLICABLE TO NON-GOVERNMENT PERSONNEL SIGNING THIS AGREEMENT.

| SIGNATURE | DATE | SOCIAL SECURITY NUMBER *(See Notice below)* |
|---|---|---|
| | 2019, 08, 05 | ███████ |

ORGANIZATION (IF CONTRACTOR, LICENSEE, GRANTEE OR AGENT, PROVIDE: NAME, ADDRESS, AND, IF APPLICABLE, FEDERAL SUPPLY CODE NUMBER) *(Type or print)*

CCMD

| WITNESS | | ACCEPTANCE | |
|---|---|---|---|
| THE EXECUTION OF THIS AGREEMENT WAS WITNESSED BY THE UNDERSIGNED. | | THE UNDERSIGNED ACCEPTED THIS AGREEMENT ON BEHALF OF THE UNITED STATES GOVERNMENT. | |
| SIGNATURE ███████ | DATE 2019, 08, 05 | SIGNATURE | DATE |
| NAME AND ADDRESS *(Type or print)* ████ DIA/ SEC-2C (SSO) | | NAME AND ADDRESS *(Type or print)* | |

## SECURITY DEBRIEFING ACKNOWLEDGEMENT

I reaffirm that the provisions of the espionage laws, other federal criminal laws and executive orders applicable to the safeguarding of classified information have been made available to me; that I have returned all classified information in my custody; that I will not communicate or transmit classified information to any unauthorized person or organization; that I will promptly report to the Federal Bureau of Investigation any attempt by an unauthorized person to solicit classified information, and that I (have) (have not) (strike out inappropriate word or words) received a security debriefing.

| SIGNATURE OF EMPLOYEE | DATE |
|---|---|
| | |
| NAME OF WITNESS *(Type or print)* | SIGNATURE OF WITNESS |

**NOTICE:** The Privacy Act, 5 U.S.C. 552a, requires that federal agencies inform individuals, at the time information is solicited from them, whether the disclosure is mandatory or voluntary, by what authority such information is solicited, and what uses will be made of the information. You are hereby advised that authority for soliciting your Social Security Number (SSN) is Public Law 104-134 (April 26, 1996). Your SSN will be used to identify you precisely when it is necessary to certify that you have access to the information indicated above or to determine that your access to the information indicated has been terminated. Furnishing your Social Security Number, as well as other data, is voluntary, but failure to do so may delay or prevent you being granted access to classified information.

STANDARD FORM 312 BACK (Rev. 7-2013)

## NATO BRIEFING/REBRIEFING/DEBRIEFING CERTIFICATE

| SECTION A – GENERAL | | |
|---|---|---|
| **NAME (Last, First, MI)**<br>LAATSCH, NATHAN | **SSN:** ███ | **DATE OF BIRTH** (MM/DD/YYYY): |
| **PLACE OF BIRTH:** | **GRADE:** ███ | **DUTY PHONE NUMBER:** |
| **AGENCY/OFFICE SYMBOL:**<br>CCMD | **ROOM NUMBER:** | **BUILDING:**<br>DIA HQ |

### SECTION B – BRIEFING

I certify that I have (**READ**) (**BEEN BRIEFED**) and fully understand the procedures for handling NATO material and am aware of my responsibility for safeguarding such information and that I am liable to prosecution under Sections 793 and 794 of Title 18, U.S.C. and Sections 2274, 2275, 2276, and 2277 of Title 42, U.S.C., if either by intent or negligence I allow it to pass into unauthorized hands.

**SIGNATURE AND DATE**

*[signature]*    8 - 5 - 2019

The above named individual has been cleared for access up to and including: **NATO SECRET**

The validity of this Certificate will expire not later than TERMINATION FROM ASSIGNMENT

SIGNATURE AND DATE OF CERTIFYING OFFICIAL

███████████

### SECTION C – DEBRIEFING

I have been given a debriefing by the control officer of this activity, preparatory to my departure. I understand that I must not disclose any classified information which I have obtained in my assignment to this organization or in connection therewith. I also understand that I must not make any such classified information available to the public or to any person not lawfully entitled to that information. I further understand that any unauthorized disclosure of such classified information, whether public or private, intentional or unintentional, will subject me to prosecution under applicable laws.

| SIGNATURE AND DATE | SIGNATURE AND DATE OF CERTIFYING OFFICIAL |
|---|---|
| | |

DIA Form 696 (07-04)

GPO 891-446

# EXHIBIT C



# ACADEMY FOR DEFENSE INTELLIGENCE

This is to certify that

## NATHAN V LAATSCH

has successfully completed

DIA-CMP-2092:Unauthorized Disclosures of Intelligence Information

completed on

## August 13, 2024

Director, Academy for Defense Intelligence



# ACADEMY FOR DEFENSE INTELLIGENCE

This is to certify that

## NATHAN V LAATSCH

has successfully completed

DIA-CMP-2092:Unauthorized Disclosures of Information

completed on
July 6, 2021

_Terence D McCall_
Director, Academy for Defense Intelligence

# ACADEMY FOR DEFENSE INTELLIGENCE



This is to certify that

## NATHAN V LAATSCH

has successfully completed

*DIA-CMP-2092:Unauthorized Disclosures of Information*

completed on

*August 15, 2019*

Director, Academy for Defense Intelligence