IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
IN OPEN COURT
AUG 26 2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA

v.

NATHAN VILAS LAATSCH,

Defendant.

No. 1:25cr~~109~~ 156

PLEA AGREEMENT

The United States of America, by undersigned counsel; the defendant, Nathan Vilas Laatsch; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

**1. Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count One of the Indictment, charging the defendant with Distribution of National Defense Information, in violation of 18 U.S.C. § 794. The maximum penalties for this offense are: a maximum term of life in prison, a fine of $250,000, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C § 3013, and a maximum supervised release term of 5 years. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

**2. Detention Pending Sentencing**

The defendant understands that this case is governed by 18 U.S.C. §§ 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been

found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

**3. Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

**4. Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**5. Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness.

In consideration of the defendant's agreement to recommend to the Court a sentence of imprisonment for the defendant of not less than 11 years (including time served), the United States agrees to recommend a sentence of imprisonment for the defendant of not more than 18 years (including time served). The Court will give such weight as it chooses to the recommendations of the parties as to the appropriate sentence to incarceration.

The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior

to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

The United States and the defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Accordingly, any such determinations will be made by the Court at sentencing.

**6. Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

**7. Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts.

This Plea Agreement and Statement of Facts does not confer on the defendant any immunity from prosecution by any state government in the United States.

**8. Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

**9. Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

**10. Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any of the defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the

commission of the offense of conviction that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for such property. The defendant agrees that the assets subject to forfeiture include, but are not limited to, the following specific property:

a. One laptop computer carried by the defendant on May 29, 2025;

b. One iPhone purchased by the defendant in February 2025, and used to further the attempt to distribute national defense information;

c. One crosscut shredder, seized from the defendant's residence on May 29, 2025, and used to shred notes of national defense information to be distributed on May 29, 2025.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

**11. Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by

the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property used or involved in the offense.

**12. Abandonment of Property**

The defendant agrees to abandon and quitclaim to the United States, or any law enforcement agency the United States selects, whether federal, state, local, or an airport agency, the crosscut shredder, seized from the defendant's residence on May 29, 2025, and used to shred notes of national defense information to be distributed on May 29, 2025. The defendant agrees that no one other than him has any right, title, or interest in the aforementioned item. The defendant agrees that the FBI may retain the item and may destroy or dispose of the item in accordance with that agency's policies. The defendant understands that such destruction or disposal will occur without any further notice to him, given his abandonment of the item.

**13. Assignment of Any Profits or Proceeds from Publicity**

The defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information he obtained in connection with his work as a contractor for the Defense Intelligence Agency, or the facts and circumstances leading to his apprehension and conviction, and agrees that any such profits and/or proceeds constitute the proceeds of his unlawful activity for purposes of 18 U.S.C. §§ 794(d)(1)(A) and 981(a)(1)(C). This agreement shall include all profits and proceeds for the benefit of the defendant, regardless of whether such profits or proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of the defendant's associates or a current or future member of the defendant's family.

The defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of the defendant's family, or to another person or entity who would provide some financial benefit to the defendant, to the defendant's associates, or to a current or future member of the defendant's family. Moreover, the defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether such an associate or other family member is personally or directly involved in such dissemination.

Should the defendant at any time author or participate in the creation of any book, writing, article, film, documentary, or other production, or otherwise provide information for purposes of publication or dissemination, including, but not limited to, information provided through interviews with writers or representatives of any media organization or entity, relating to classified subject areas to which he was exposed while employed by the United States Government, the defendant hereby agrees first to submit in a timely fashion such book, writing, article, film, documentary, other production, or information to the Defense Intelligence Agency and the Federal Bureau of Investigation for timely pre-publication review and deletion of information which, in the discretion of the Defense Intelligence Agency and the FBI, should not be published or disseminated on the grounds of national security or the defendant's pre-existing agreements with the Defense Intelligence Agency.

**14. Lifetime Obligation to Protect Classified and National Defense Information**

The defendant acknowledges that, in connection with his employment by the Defense Intelligence Agency, he entered into certain agreements proscribing the unauthorized disclosure of protected information, including classified information, national security information, and other information acquired as part of the defendant's performance of his official duties on behalf

of the Defense Intelligence Agency. The defendant acknowledges his continuing duties and obligations under these agreements, and they are hereby incorporated by reference.

The defendant understands and agrees that he has a continuing legal obligation to refrain from the unauthorized oral or written disclosure of classified information, or information relating to the national defense. The defendant understands and agrees that the law forbids him from disclosing, communicating, transmitting, or disseminating any classified information, or information relating to the national defense, without regard to where, when, or how he learned of or came into possession of the classified information or information related to the national defense. The defendant understands and agrees that merely because classified information, or information relating to the national defense, may have appeared publicly does not render that information unclassified or less sensitive.

**15. Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of

the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

**16. Nature of the Agreement and Modifications**

This written agreement and its associated documents constitute the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any

<<

<<

<<

<<

<<

<<

modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

By: ______________________________
Gordon D. Kromberg
Assistant United States Attorney

______________________________
Mark Murphy
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal Indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 8/26/2026 ______________________________
Nathan Vilas Laatsch

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 8/26/2026 ______________________________
Lauren Rosen
Valencia Roberts
Counsel for the Defendant